UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS BARRIA,<br><br>  Plaintiff,<br>vs.<br><br>B EAST, LLC, doing business as<br>BRIGHTON PLACE EAST, et al,<br><br>  Defendants. | CASE NO. 09cv2777 DMS (BLM)<br><br>**ORDER DENYING MOTION TO SUBSTITUTE MARTHA BARRIA AS PLAINTIFF IN PLACE OF LUIS BARRIA**<br><br>**[Docket No. 9]** |

This case comes before the Court on Plaintiff's motion to substitute Martha Barria as Plaintiff in place of Luis Barria. Defendant filed an opposition to the motion, and Plaintiff filed a reply. For the reasons discussed below, the Court denies Plaintiff's motion and dismisses the action for lack of subject-matter jurisdiction.

**I.**

**BACKGROUND**

Intermittently from August 2009 to October 2009, Plaintiff Luis Barria was a patient in a nursing home facility owned and operated by the Defendant B East, LLC. (Compl. ¶ 12.) Plaintiff was a physically disabled person and used a wheelchair for mobility during his stay. (*Id.* at ¶ 10.) On December 11, 2009, Plaintiff filed suit against Defendant regarding its failure to provide him full and equal access to their facilities. (*Id.* at ¶ 11.) Plaintiff alleges the following claims for relief: (1) violation of the Americans With Disabilities Act, 42 U.S.C § 12101, et seq., ("ADA"), (2) violation

of the California Unruh Act, Civil Code § 51, et seq., ("Unruh Act"), and California Disabled Persons Act, Civil Code § 54, et seq., ("DPA"), (3) violation of California Health and Safety Code § 19955, (4) Negligence Per Se, (5) Negligence, (5) Declaratory Relief, and (6) Injunctive Relief.

On February 23, 2010, Plaintiff died. (Mem. P.& A. in Supp. of Mot. at 2.) A notice of fact of death was filed on April 20, 2010. (*Id.*; Doc. 8.) Martha Barria is the decedent's mother and successor in interest under California law.

## II.

## DISCUSSION

Plaintiff moves to substitute Martha Barria in place of Luis Barria under Rule 25(a)(1) of the Federal Rules of Civil Procedure. Plaintiff concedes that Luis Barria's claims for injunctive relief are extinguished by his death, but argues that statutory claims for damages survive and remain recoverable by Martha Barria as the substituted plaintiff. (Mem. P.& A. in Supp. of Mot. at 2, 3.) Defendant argues that a majority of the Plaintiff's claims are extinguished Luis Barria's death and, in turn, substitution is inappropriate.

Rule 25(a)(1) of the Federal Rules of Civil Procedure governs the substitution of parties after the death of a plaintiff.[1] *First Idaho Corp. v. Davis*, 867 F. 2d 1241, 1242 (9th Cir. 1989). The rule provides for substitution of proper parties where claims are not extinguished by the death of a party. The determination of whether claims are extinguished for the purposes of substitution is controlled by the substantive law of the forum. *Robertson v. Wegman*, 436 U.S. 584 (1978).

Plaintiff's first claim for relief arises under Title III of the ADA pursuant to 42 U.S.C. § 12188(a). (Compl. ¶16.) The only remedy available to a private litigant under Title III is injunctive relief. 42 U.S.C. § 12188(a); *see also Wander v. Kaus,* 304 F.3d 856, 858 (9th Cir. 2002) ("Damages are not recoverable under Title III of the ADA-only injunctive relief is available for violations of Title III"); *Fisher v. SJB-P.D. Inc.,* 214 F.3d 1115, 1120 (9th Cir. 2000) ("Monetary relief is not an option for private individuals under Title III of the ADA."). Claims for injunctive relief require that there exist a real or immediate threat of irreparable harm. *Hangarter v. Provident Life and Acc. Ins. Co.*,

---

[1] Rule 25(a)(1) states in pertinent part: "Substitution if the Claim Is Not Extinguished. If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative."

373 F.3d 998, 1021-1022 (9th Cir. 2004). As conceded by Plaintiff, the death of a plaintiff renders a claim for injunctive relief moot. *ISC, Inc. v. California*, 2010 WL 1936369, at *1 (9th Cir. 2010) (citing *Kennerly v. U.S.*, 721 F.2d 1252, 1260 (9th Cir. 1983)). Therefore, Plaintiff Luis Barria's death extinguished his ADA claim and Martha Barria cannot be properly substituted as Plaintiff.

The extinguishment of Plaintiff's ADA claim leaves only state law claims in this matter. A court has discretion to decline to exercise supplemental jurisdiction over state law claims if the court has dismissed all claims over which it has original jurisdiction. 28 U.S.C. § 1367(c)(3). Here, the Court declines to exercise supplemental jurisdiction and therefore dismisses the remaining state law claims without prejudice.[2]

### III.
### CONCLUSION AND ORDER

For the forgoing reasons, Plaintiff's motion for substitution is denied. The matter is dismissed without prejudice for lack of subject-matter jurisdiction.

**IT IS SO ORDERED.**

DATED: June 16, 2010

HON. DANA M. SABRAW
United States District Judge

---

[2] The court does not reach the issue of substitution of Martha Barria over the remaining state law claims.